## Cardon Trust.

24

*Richard G. Miller* and *Forest G. Moorhead,* with them *Miller & Schmidt* and *Moorhead, Marshall & Sawyer,* for appellants.

*George I. Bloom* and *J. Boyd Crumrine,* with them *H. Russell Stahlman, I. C. Bloom, Robert V. Maine, Frank G. Smith, David M. McCloskey, Hugh E. Fergus* and *Frank E. Pireaux,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 9, 1945:

These appeals concern the construction of an inter vivos deed of trust and its amendments. The settlor reserved a life estate, and upon his decease, his trustees were directed to pay an annuity to his wife, who was also given a general power of appointment, by will, over a sum not to exceed $40,000. It was provided, however, that if his wife should elect to take against his will, the provisions made for her in the deed of trust, including her power of appointment, should be void, and the fund which would otherwise have been subject to her power of appointment should be added to the corpus of his estate. The wife, by her will, attempted to exercise the power of appointment, but died in the lifetime of her husband, the settlor. The appointees under the wife's will claim the fund.

We agree with the learned auditing judge that settlor's wife never possessed the power of appointment, because as a condition precedent to its creation, the wife was required to survive the settlor and also to elect to take under the terms of his will. All of the provisions of the trust indicate clearly that the power of appointment was contingent upon the wife's survival. They presuppose that she would be living at the time of settlor's death and capable of electing with respect to his will. Where the settlor's intention is so apparent from the language of the deed there is no occasion to resort to rules of construction or decisions in other cases.

The decree is affirmed; costs to be paid out of the corpus of the estate.